IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DUMAS TOWING, LLC, § 
 §
 Plaintiff, §
 §
v. §
 § 2:11-CV-121-J
SHERIFF J.E. (BO) DeARMOND, §
individually and in his capacity as sheriff §
of Moore County, State of Texas, and §
SCOTT HIGGINBOTHAM, individually §
and in his capacity as county attorney of §
Moore County, State of Texas, §
 §
 Defendants. §

### Memorandum Opinion

Plaintiff Dumas Towing, LLC, in an unverified complaint, is suing Defendant J.E. (Bo) DeArmond in his individual and official capacity as sheriff of Moore County for violations of the Motor Carrier Safety Act, federal and state anti-trust violations, and state law claims for tortious interference of a business relationship and civil conspiracy.[1]  Before the Court is Defendant J.E. (Bo) DeArmond's ("DeArmond") *Motion for Summary Judgment*.  Defendant has moved for summary judgment on all of Plaintiff's claims based on federal law.  Plaintiff has not responded to Defendant's motion.

### Facts

Plaintiff Dumas Towing, LLC is a Texas limited liability company with its principal place of business in Dumas, Moore County, Texas.  Defendant J.E. DeArmond is the sheriff of Moore County.

---

[1] This Court dismissed Defendant's state law claims in a previous order.

As sheriff of Moore County, one of Defendant DeArmond's responsibilities is to keep a towing rotation list for non-consent tows. This towing rotation list determines which wrecker companies the local government will contact to tow vehicles where the owner or driver is either incapable or unwilling to call a wrecker service. Defendant avers that the non-consent towing list is under his discretion and that there is no local statute that determines which wrecker services are included on this list.

Plaintiff alleges that, at one point, it was included on the towing rotation list. Plaintiff alleges that, after a number of complaints from individuals whose cars were towed, it was removed from the list in violation of its rights. Plaintiff alleges that while it was on the towing list, the Defendant put conditions on who Plaintiff could hire and that the Defendant would not allow Plaintiff to appear at accident scenes even if the tow was not a non-consent tow. Plaintiff requests compensatory damages, punitive damages "against the individual and non-governmental Defendants," court costs, attorneys fees, and for this Court to enjoin Defendant's "current regulation on the business of Plaintiff."

Defendant argues that Plaintiff's removal was not arbitrary or capricious, and that, acting in his official capacity as sheriff, he removed Plaintiff because of his disruptive behavior. Defendant alleges Plaintiff refused to stand down from a non-consent tow when asked and was untruthful to Defendant regarding a tow sharing arrangement with a competitor wrecker service. Defendant avers that Dumas police and private citizens complained that Plaintiff was leaving debris on the freeway following tows, which created a potential safety hazard. Plaintiff alleges that these complaints were without merit.

## Summary Judgment Standard

A motion for summary judgment should be granted if the movant shows that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(a).

A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). To determine whether a genuine issue of material fact exists, courts must resolve all ambiguities of fact in favor of the non-moving party. *Id.* Summary judgment is mandated if the nonmovant fails to sufficiently establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Nebraska v. Wyoming,* 507 U.S. 584, 590 (1993); *Celotex Corp.,* 477 U.S. at 322; *Cutrera v. Bd. of Supervisors of La. State Univ.,* 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge,* 394 F.3d 311, 315 (5th Cir. 2004).

## Violation of 49 U.S.C. § 14501

Plaintiff alleges Defendant violated § 14501(c) of the Motor Carrier Safety Act, which prohibits states from regulating the trucking industry except for safety or to control fees charged by towing companies for non-consent towing. See 49 U.S.C. § 14501.

Plaintiff alleges that Defendant's act of removing Plaintiff from the non-consent tow list was preempted by § 14501 because the Defendant (a) attempted to interfere, for reasons other than safety, with who Plaintiff hired; (b) refused to allow Plaintiff to tow consent tows at the scene of an accident; (c) arbitrarily removed Plaintiff from the non-consent tow rotation list; and (d) conditioned Plaintiff's inclusion on the non-consent tow rotation list for reasons other than towing.

Defendant argues that § 14501 does not preempt his decision to remove Plaintiff from the non-consent tow list. He argues that his decision was a "proprietary" local government action that is not subject to federal preemption. He cites a Fifth Circuit ruling where the Court determined, relying on the United States Supreme Court's holding in *Boston Harbor, Building and Construction Trades Council v. Associated Builders and Contractors of Massachusetts/Rhode Island, Inc,* 507 U.S. 218 (1993) ("Boston Harbor"), that 49 U.S.C. § 14501(c) did not preempt a city's ability to enter into a contract with a single tow company to handle non-consent tows. See *Cardinal Towing & Auto Repair, Inc. v. City of Bedford, Tex.,* 180 F.3d 686, 691 (5th Cir. 1999)("Cardinal Towing").

In *Boston Harbor*, the Supreme Court found that "when a state or municipality acts as a participant in the market and does so in a narrow and focused manner consistent with the behavior of other market participants, such action does not constitute regulation subject to preemption." *Cardinal Towing* at 691 (citing *Boston Harbor*). The Fifth Circuit, following the Court's decision in *Boston Harbor*, found in *Cardinal Towing* that the decision by a city to create an exclusive contract with a single tow company was not preempted by § 14501(c). The Court examined two factors to determine whether § 14501 preempted the local government's decision to grant exclusive towing rights. It examined if (1) the challenged action essentially reflects the entity's own interests in its efficient procurement of needed goods and services, as measured by comparison with the typical behavior of private parties in similar circumstances; and (2) if the narrow scope of the challenged action defeats an inference that its primary goal was to encourage a general policy rather than address a specific proprietary problem. *Id.* at 693.

In Defendant De Armond's affidavit he gives a number of reasons for removing Plaintiff from the non-consent tow list. He had received complaints that Plaintiff had left debris on the

freeway following a tow. Plaintiff refused to stand down from a non-consent tow when Defendant asked. The local police felt uncomfortable working with the Plaintiff, and the Plaintiff made false statements to the Defendant about a tow sharing arrangement between Plaintiff and another wrecker service. Plaintiff alleges it was removed because of complaints against him that were unfair and alleges Defendant made a number of demands regarding hiring practices that Plaintiff refused to accept. Plaintiff presents no evidence that Defendant requested Plaintiff change its hiring practices.

Defendant's decision to remove Plaintiff from the towing list—to ensure safe towing with minimal problems—is a proprietary decision. Defendant maintained a non-consent towing list to ensure non-consent tows were effectively and safely dealt with following an accident. After working with the Plaintiff, the Defendant determined Plaintiff was not effectively carrying out its task. Defendant's concerns are similar to those a private company would have when determining with whom to do business.

Furthermore, Plaintiff does not present evidence that Defendant was attempting to promote a general policy with his decision to remove Plaintiff. Defendant claims that he removed Plaintiff after receiving complaints from both his employees and private individuals regarding Plaintiff's service, and that Plaintiff spoke dishonestly to him. These reasons defeat the inference that Defendant was attempting to promote a general policy with his decision to remove the Plaintiff. Accordingly, Defendant's actions are not preempted by 49 U.S.C. § 14501.

### Federal Anti-Trust Claim

Plaintiff alleges Defendant's decision to remove Plaintiff from the non-consent towing list violated state and federal anti-trust laws. It requests injunctive relief and damages under 15 U.S.C. § 15 and 26, respectively. Defendant argues (1) that, under federal law, Plaintiff cannot

recover damages because he was acting in his official capacity as sheriff and that (2) Plaintiff cannot establish that a common scheme exists between the Defendant and other entities in violation of anti-trust laws.

*Damages under 15 U.S.C. § 15*

Under federal anti-trust law, Plaintiff cannot seek damages against Defendant for acting in his official capacity. "[N]o damages, interest on damages, costs or attorney's fees may be recovered under Section 4, 4A, 4C of the Clayton Act (15 U.S.C. §§ 15, 15a, or 15c) from any local government, or official or employee thereof acting in an official capacity." 15 U.S.C. § 35. A "local government" includes a county or city. 15 U.S.C. § 34. Defendant DeArmond was acting in his official capacity as sheriff in running the non-consent towing list. Plaintiff cannot pursue damages against him.

*Violation of 28 U.S.C. § 1*

Defendant argues he violated no applicable anti-trust laws because there was no common scheme between him and another entity to restrain trade. He further argues that the Plaintiff cannot establish that he suffered any damages as a result of being removed from the non-consent towing rotation list. He presents Plaintiff's records showing Plaintiff continued to operate its business regardless of his inclusion on the non-consent tow list. The Defendant also avers that he made the decision to remove Plaintiff for reasons other than to restrict trade. Plaintiff, although not specifying under which section of federal anti-trust law its suit falls under, alleges that the Defendant "engaged in or conspired with others to participate in violations of state and federal antitrust law." Defendant treats this language as a claim under 28 U.S.C. § 1, which forbids "every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade." 28 U.S.C. § 1. The Court agrees that 28 U.S.C. § 1 is the applicable federal law.

To establish an antitrust violation under 15 U.S.C. § 1, a Plaintiff must prove that "(1) the defendant engaged in a conspiracy; (2) that restrained trade; (3) in the relevant market." *Golden Bridge Technology, Inc. v. Motorola, Inc.*, 547 F.3d 266, 271 (5th Cir. 2008). To prove a conspiracy occurred, "the crucial question is whether the challenged anticompetitive conduct stems from independent decision or from an agreement." *Golden Bridge Technology*, 547 F.3d at 271. A plaintiff must present evidence that the defendant was part of a "conscious commitment to a common scheme designed to achieve an unlawful objective." *Monsanto v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984).

Plaintiff presents no evidence that Defendant was engaged in a common scheme against the Plaintiff. His sole allegation to that point, that the Defendant was a friend with the owner of a wrecker service which was part of the non-consent rotation list, is unsupported by evidence. In the face of a failure to present evidence of a conspiracy between two parties or to show an actual restraint of market activities, Defendant's request for summary judgment on Plaintiff's federal anti-trust claim is granted.

### Plaintiff's Due Process Claim

Plaintiff alleges he had a property interest in remaining on the non-consent tow list, and his removal from the list was an arbitrary and capricious violation of his right to due process. Defendant argues that he is immune from a suit in his individual capacity because of qualified immunity, and that Plaintiff has no property interest in remaining on the non-consent towing list.

*Qualified Immunity*

Qualified immunity is a defense that protects government officials from suit when they exercise the discretionary functions of their office. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). In order to overcome a defense of qualified immunity a plaintiff must establish that "(1)

the official violated a statutory or constitutional right, and (2) the right was 'clearly established at the time of the challenged conduct.'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)(citing *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011)). It is the plaintiff's burden to present evidence that a defendant is not entitled to qualified immunity when the defense is raised. *See Bazon ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001).

Plaintiff presents no evidence to refute the claim that Defendant is entitled to qualified immunity. Defendant is therefore entitled to qualified immunity from a suit in his individual capacity as a matter of law.

*Plaintiff's Property Interest*

Plaintiff does not have a property interest to maintain a suit against Defendant in his official capacity as sheriff of Moore County. For there to be a due process violation by Moore County, the Plaintiff must show a "life, liberty, or property interest protected by the Fourteenth Amendment and identify a state action that resulted in the deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). A property interest in a towing list is created by a "Texas or local statute, ordinance, or regulatory scheme governing the wrecker list." *Id.* at 941. An individual "must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

In *Blackburn v. City of Marshall*, the Fifth Circuit determined that a wrecker service did not have a protected property interest in remaining on a non-consent towing list managed by the local government. It wrote, "We have consistently held that the mere existence of a governmental program or authority empowered to grant a particular type of benefit to one such as the plaintiff does not give the plaintiff a property right, protected by the due process clause, to

receive the benefit, absent some legitimate claim of entitlement—arising from statute, regulation, contract, or the like—to the benefit. *Blackburn* at 941 [citations omitted]. Plaintiff in this case presents no evidence supporting anything more than a unilateral expectation of remaining on the non-consent towing list, as Defendant avers he told Plaintiff the list was at his discretion prior to including Plaintiff. Accordingly, Plaintiff had no vested property interest in remaining on Defendant's non-consent towing list.

## Conclusion

Defendant's motion for summary judgment on Plaintiff's claims that Defendant's action is preempted by 28 U.S.C. § 14501, that it violated Anti-Trust provision 15 U.S.C. § 1, and that it violated a constitutionally protected property interest is granted in full. Plaintiff's claims against Defendant, in both his individual capacity and official capacity as sheriff of Moore County, will be dismissed with prejudice.

It is SO ORDERED.

Signed this the 24 day of February 2012.

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**